```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   LACY J. GOGGANS,                                           :
                                                              :
                              Petitioner,                     :
                                                              :
                                                              :
                    -v-                                       :
                                                              :
                                                              :
   WARDEN J. L. JAMISON,                                      :
                                                              :
                              Respondent.                     :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2023

1:23-cv-03645-GHW

MEMORANDUM OPINION AND ORDER

GREGORY H. WOODS, United States District Judge:

On May 1, 2023, Petitioner Lacy Goggans filed a pro se petition for a writ of habeas corpus seeking transfer from the Federal Correctional Institution in Otisville, New York ("FCI Otisville") to prerelease custody. On July 5, 2023, the Bureau of Prisons ("BOP") transferred Mr. Goggans to prerelease custody in a residential reentry center ("RRC"). Then, on August 22, 2023, the BOP released Mr. Goggans to begin his three-year term of supervised release. Because Mr. Goggans has been released from FCI Otisville and, in turn, the RRC, Mr. Goggans's petition for a writ of habeas corpus is denied as moot. Under the text of the First Step Act of 2018 ("FSA"), the Court cannot apply any remaining FSA Credits to reduce Mr. Goggans's term of supervised release.

I. BACKGROUND

On October 27, 2003, District of New Jersey ("D.N.J.") Judge Anne. E. Thompson sentenced Mr. Goggans to 594 months' imprisonment to be followed by a three-year term of supervised release. Dkt. No. 14 at 3 (citing *United States v. Goggans, et al.*, No. 3:02-cr-00320-MAS-1, Dkt. No. 257 (D.N.J. October 27, 2003)). On December 22, 2022, D.N.J. Judge Michael A. Shipp reduced Mr. Goggans's sentence to a 298-month term of imprisonment to be followed by a three-

year term of supervised release. *Id.* (citing *United States v. Goggans*, No. 3:02-cr-00320-MAS-1, Dkt. No. 453, at 2–3 (D.N.J. Dec. 22, 2022)). After Mr. Goggans served more than ninety-five percent of his 298-month term of imprisonment, the BOP transferred him from FCI Otisville to prerelease custody in an RRC on July 5, 2023. *See* Dkt. No. 15 (the "Bork Decl.") ¶ 6, Ex. 1 at 2; Dkt. No. 14 (the "Resp. Mem. of Law"), at 3.

In his petition to the Court, Mr. Goggans alleged that between December 21, 2018—the date the FSA was enacted—and February 28, 2023, Mr. Goggans participated in 1,530 days of programming and, as a result, earned 510 FSA Credits. Dkt. No. 2 at 1. By contrast, Kenneth Bork of the BOP asserted in response that "[b]etween December 21, 2018 and July 31, 2023 . . . , Petitioner accrued 1,033 program days, thus earning 340 credit days towards early release." *See* Bork Decl. ¶ 10. According to Respondent, the reason for this discrepancy is that "Goggans was not participating in the FSA time credit program during [particular] periods prior to his release from FCI Otisville . . . . Accordingly, he was not earning [FSA Time Credits] during those periods." Resp. Mem. of Law at 3–4 (citations omitted).

The BOP's representative added that "[a]fter application of earned credits under the First Step Act . . . , Petitioner's current [as of August 1, 2023] projected release date is August 22, 2023." Bork Decl. ¶ 5. According to Respondent's letter dated August 28, 2023, the BOP released Mr. Goggans from the RRC on August 22, 2023 to begin his three-year term of supervised release. Dkt. No. 17, Ex. A.

## II. DISCUSSION

Because Mr. Goggans has been released from FCI Otisville and, in turn, the RRC, and because the Court can grant him no further relief based on any outstanding FSA Credits, Mr. Goggans's petition is denied as moot. *See Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307

(2012) ("A case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks and citations omitted).

Mr. Goggans received the relief his petition originally sought when he was transferred from FCI Otisville into the RRC.  *See* Dkt. No. 2, at 1 ("Petitioner . . . asks the Court to grant habeas . . . to force the [BOP] to place him on prelease custody pursuant to the . . . [FSA].").  But this does not necessarily moot the petition.  As a pro se litigant, Mr. Goggans's submissions are to be "construed liberally and interpreted to 'raise the strongest arguments they suggest.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  Construing Mr. Goggans's petition to argue for the application of any remaining FSA Credits to reduce his term of supervised release, the Court still could not grant him relief.  Mr. Goggans is now on supervised release, and FSA Credits cannot be applied to reduce a term of supervised release under the statute.  *See, e.g., Kergil v. Bureau of Prisons*, 1:23-cv-05949, Dkt. No. 10, at 2 (S.D.N.Y. Aug. 3, 2023); *United States v. Calabrese*, No. 1:11-cr-00437, 2023 WL 1969753, at *2–3 (N.D. Ohio Feb. 13, 2023).

Northern District of Ohio Judge Sara Lioi carefully analyzed this issue in *Calabrese*, and this Court adopts her analysis here.  Judge Lioi began with the FSA's text:

> Time credits earned . . . by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release.  The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(c) (2018).  She reasoned that "[u]se of the word 'toward' [in section 3632(c) of the FSA] means that credits can be applied to bring 'time in prerelease custody or supervised release' closer to occurring because credits applied 'toward' something generally means to bring that something closer to happening."  *Calabrese*, 2023 WL 1969753, at *2 (citing BLACK'S LAW

3

DICTIONARY (11th ed. 2019)).  Defining "toward" to mean that FSA credits can be applied to *reduce* a term of supervised release "would write out any mechanism in the statute for FSA credits to reduce an eligible prisoner's time in custody in prison, which is the intended incentive behind the FSA time credits." *Id.* at *3.

In addition, this interpretation of applying FSA Credits "toward time in prerelease custody or supervised release" comports with subsequent language in section 3624(g) of the FSA.[1]  This section, in describing "[p]rerelease custody or supervised release for risk and needs assessment system participants," categorizes "eligible prisoners" for transfer due to application of FSA Credits as either "prisoner[s] being placed in prerelease custody" or those "being placed in supervised release." 18 U.S.C. § 3624(g)(1)(D).[2]  That the statute refers to the application of credits to *placement in* supervised release but not to reduction of supervised release supports Judge Lioi's thoughtful analysis.  Thus, any remaining balance of FSA Credits that Mr. Goggans may have had could not be applied to reduce his term of supervised release.

Mr. Goggans's petition is therefore moot because "it is impossible for [the] court to grant any effectual relief whatever" to him.  *Tanasi v. New Alliance Bank*, 786 F.3d 195, 199 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Knox*, 567 U.S. at 307).

## III.   CONCLUSION

Because Mr. Goggans has been released, and because the Court can grant him no further relief based on any outstanding FSA Credits, Mr. Goggans's petition for a writ of habeas corpus is denied as moot.  The Clerk of Court is directed to enter judgment for Respondent, to close this case,

---

[1] According to the whole-text canon, "[i]n ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."  *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).
[2] This interpretation also comports with that of the Bureau of Prisons.  *See generally* FSA Time Credits, 87 Fed. Reg. 2705-01, 2712–13 (Jan. 19, 2022).

and to mail a copy of this decision to Petitioner.

SO ORDERED.

Dated: October 13, 2023  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

5